```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  TEXARKANA DIVISION
```

RONALD BUCK                                              PLAINTIFF

v.                      No. 4:10-CV-04103

CLEARBROOK, LLC                                          DEFENDANT

## OPINION AND ORDER

Currently before the Court are Defendant Clearbrook, LLC's ("Clearbrook") Motion to Set Aside Default and to Dismiss for Invalid Service (Doc. 48) as well as Clearbrook's Motion to Stay Enforcement of Judgment and Request for Expedited Ruling (Doc. 50). Also before the Court are Plaintiff Ronald Buck's Responses in Opposition to these motions (Docs. 53-54) and Clearbrook's Replies (Docs. 55-56). For the reasons reflected herein, the Court finds that Clearbrook's Motion to Set Aside Default should be GRANTED. Because the Court resolves the default issue in this opinion, the Court further finds that Clearbrook's Motion to Stay Enforcement of Judgment and Request for Expedited Ruling should be, and hereby is, TERMINATED AS MOOT.

**I. Background**

No recitation of the facts is necessary in ruling on the largely procedural issue herein presented. The Court will, however, briefly recount the relevant procedural history. Plaintiff Ronald Buck initially filed suit against the United States of America, Federal Emergency Management Agency ("FEMA"), City of Hope,

Arkansas, and Clearbrook. *Buck v. Fed. Emergency Mgmt. Agency*, 2011 U.S. Dist. LEXIS 26099 (W.D. Ark. 2011)(the "original litigation"). Buck's claims against Clearbrook were severed from the original litigation, by Court Order dated July 19, 2010. (Doc. 44). The Court found that severance was appropriate based on Clearbrook's default, stating that "[b]ecause of this default, Plaintiff's case against Clearbrook will contain many procedural and substantive differences than its case against the United States of America and the City of Hope, Arkansas." *Id.* The Court also reasoned that allowing a severance would "serve the interests of expedition, economy, and convenience" and "no parties will be prejudiced by the severance." *Id.*

A week after the claims were severed, on July 26, 2010, the Court granted Buck's Motion for Default Judgment against Clearbrook. (Docs. 45-46). Two months later, on September 27, 2010, Clearbrook entered an appearance (Doc. 47) and filed its Motion to Set Aside Default and to Dismiss for Invalid Service. (Doc. 48). After the parties' filings of responses and replies, no activity occurred in this case until April 21, 2011, when the case was reassigned to the undersigned.

**II. Discussion**

The Court first notes that there is a judicial preference for adjudication on the merits. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). The determination regarding whether to set aside

the entry of default is left to the court's sound discretion. *Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 436 (8th Cir. 1997). The Court, is however, bound by the Federal Rules, which provide that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) allows for the setting aside of a default judgment in certain enumerated circumstances, but also allows a default judgment to be set aside for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In the instant case, there appear to be grounds for justifying relief from the default judgment entered against Clearbrook in accordance with Fed. R. Civ. Proc. 55(c) and 60(b), based on the common-defense doctrine, in order to avoid incongruity and resulting injustice.

"When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment." *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). Under the common-defense doctrine, "if an answering party asserts a 'defense on the merits that equally applies to the other defendant,' the success of the defense 'operates as a discharge to all the defendants.'" *Id.* (quoting *Sutter v. Payne*, 337 Ark. 330 (1999)).

In this case, Clearbrook was added as a defendant in Buck's

Second Amended Complaint (Doc. 19) filed on April 1, 2010. Before Buck's claims against Clearbrook were severed, Clearbrook's then co-defendant City of Hope, AR timely filed an Answer (Doc. 22), and FEMA and the United States timely filed a Motion to Dismiss the Second Amended Complaint. (Doc. 23). Upon the Court's ultimate denial of the motion to dismiss, on March 11, 2011, FEMA and the United States timely filed their answer to the second amended complaint on March 24, 2011. (Docs. 61, 62). These timely responses assert defenses on the merits that equally apply to Clearbrook. Under the common defense doctrine, such responses inure to the benefit of Clearbrook.

Buck argues that the common-defense doctrine should not apply to Clearbrook in this case, asserting that, because of the severance, Clearbrook's liability can be adjudicated without affecting the rights of the original co-defendants. The severance, however, was granted, it seems, only to accommodate the default. In moving for severance, Buck expressed concerns about his ability to collect a judgment from Clearbrook as time passed. (Doc. 39, p. 2). And the Court found that "*[b]ecause of this default*, Plaintiff's case against Clearbrook will contain many procedural and substantive differences than its case against [FEMA] and the City of Hope, Arkansas." (Doc. 44, pp. 1-2)(emphasis added). Buck argues that the Court found that severing Clearbrook did not prejudice it, or the other defendants. This argument ignores, however, that any

lack of prejudice was explicitly based on the fact that Clearbrook had defaulted. Such circular logic cannot be used to bolster Buck's claim that the common-defense doctrine should not apply here. In other words, Clearbrook argues that default should be set aside under the common-defense doctrine. Buck argues that the common-defense doctrine does not apply as is evidenced by the severance, which was granted *due to the default*. The fact remains that the allegations made by Buck in the second amended complaint are consistently made against all "Defendants." (Doc. 19). Buck also asserts that his claims are "so related . . . that they form part of the same case or controversy." (Doc. 19, para. 6).

If the Court were to rigidly apply the common-defense doctrine only in cases in which a plaintiff specifically alleged joint and several liability, the spirit of the rule in *Frow v. De La Vega*, 82 U.S. 552 (1872), would be poorly served. In that opinion the Court sought to avoid incongruity in the courts. *Id.* In this case, the issues as to all original defendants are so intertwined that incongruity would result if the Co-Defendants in the original litigation were to succeed on the merits of their arguments, while the default judgment was enforced against Clearbrook. *See Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1511-12 (11th Cir. 1984) (reversing district court's refusal to grant defendant's motion to set aside default judgment and citing both Moore and Wright & Miller in noting that "even when

defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits.").

In the original litigation, Magistrate Judge Barry Bryant issued a Report and Recommendation (Docket no. 09-cv-04072, doc. 53), which was later adopted by the Court. (Docket no. 09-cv-04072, doc. 53). In those documents, the Court found that a "critical question" remained in the case as to the amount of control exercised by the government over the physical performance of Clearbrook. *Id*. at 1. Here, then, is one example of the looming potential for incongruity in this case. If, for example, Clearbrook is found to have acted as an employee of FEMA, the Court would likely conduct an inquiry as to FEMA's vicarious liability, which would be contingent upon a finding as to Clearbrook's liability. If the Court were to conclude, in the case against FEMA, that Clearbrook was not negligent, such a ruling would be irreconcilable, at least in part, with the enforcement of a default judgment against Clearbrook. Therefore, the Court finds that, absent Clearbrook's default, Clearbrook is similarly situated to the United States, FEMA, and the City of Hope, such that the timely responses of those parties, which address substantially identical issues to those involving Clearbrook, should inure to Clearbrook's benefit under the common-defense doctrine.

The Court also finds that Buck will suffer no prejudice as a

result of setting aside the default judgment, as he will continue to be able to assert his claims against Clearbrook, just as he is continuing to assert his claims against the co-defendants in the original litigation. The Court notes, as well, that Clearbook entered an appearance in September 2010 in the severed litigation - well before the Court's ruling on the Motion to Dismiss filed by the United States and FEMA. Thus, even had Clearbrook not defaulted, and had it remained joined in the litigation of Buck's claims against FEMA and the City of Hope, the case would not have materially advanced by the time Clearbrook entered its appearance. Buck even cites the lack of discovery during the pendency of FEMA's second motion to dismiss as a factor that the Court should view in its favor when ruling on the Motion to Sever. (Doc. 39, p. 3). Furthermore, the Court finds that Clearbrook has set forth specific facts to show the existence of a meritorious defense, supported by the filing of the Affidavits of Bruce Wagner. (Doc. 48).

The Court finds Clearbrook's arguments regarding invalid service of process so as to warrant dismissal to be without merit. Clearbrook's Motion to Dismiss for Invalid Service of Process (Doc. 48), to the extent that it can be considered a separate motion or a motion in the alternative, is therefore DENIED. Furthermore, the Court declines to make a finding as to whether Clearbrook's default was the result of mistake or inadvertence. Instead, the Court finds that the default judgment against Clearbrook should be set aside

because the reasons outlined above otherwise justify relief in this case. Fed. R. Civ. P. 60(b)(6).

## II. Conclusion

It is the finding of the Court that the timely filings of the City of Hope, AR, FEMA, and the United States accrue to the benefit of Clearbrook. Accordingly, Clearbrook's Motion to Set Aside Default (Doc. 48) is **GRANTED.**

IT IS THEREFORE ORDERED that the Default Judgment entered in this case against Clearbrook be VACATED, and the Clerk of Court is directed to REOPEN this matter.

IT IS FURTHER ORDERED that Clearbrook file its Answer on or before June 27, 2011.

IT IS SO ORDERED this 16th day of June 2011.

/s/ Paul K. Holmes, III
**PAUL K. HOLMES, III**
**UNITED STATES DISTRICT JUDGE**